[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 04-15684
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00713-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLON JAMES YEARBY,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(June 10, 2005)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

On October 8, 2003, around 1:00 a.m., officer Connie Curtis of the DeKalb County, Georgia Police Department responded to a 911 call from Ms. Metrio Lowe who reported that appellant, an ex-boyfriend, had smashed windows in her

apartment and her automobile with a baseball bat. Lowe gave Curtis appellant's physical description and the make, model and tag number of the Dodge Ram pick-up truck appellant drove; his father owned the truck. Curtis, in turn, told Lowe that she should go to the magistrate's court and obtain warrants for appellant's arrest. Then, if appellant returned, she could call 911 and say that a man for whom arrest warrants had been issued was at her apartment.

On October 9, at 4:00 a.m., Lowe made another 911 call to the police and said that appellant was standing outside her window. Officer Curtis was dispatched to the scene. Although the dispatcher did not identify appellant as the reason for Lowe's call, Curtis assumed that Lowe had called to report that appellant was harassing her and that warrants had been issued for his arrest. As she approached Lowe's apartment complex, she saw a Dodge Ram pick-up truck leaving the scene. She ran the tag and learned that the truck was registered to a man with appellant's surname. This, coupled with the fact that she knew that warrants had been issued for appellant, prompted Curtis to conduct a traffic stop. After identifying appellant as the driver (and sole occupant of the truck), she took him into custody. Another officer, K.C. Payton, arrived on the scene and conducted an inventory search of the vehicle. He found a fully-loaded assault rifle and a paper bag full of small plastic baggies that appeared to contain crack

cocaine.

A Northern District of Georgia grand jury indicted appellant in Count One for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); in Count Two for possession of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and in Count Three for possession of a firearm in furtherance of a drug offense (i.e., Count Two), in violation of 18 U.S.C. § 924(c)(1). A jury convicted appellant on Counts One and Two (acquitting him on Count Three), and the district court sentenced him to concurrent prison terms of 120 months. He now appeals his convictions, asking that they be vacated and the case remanded for a new trial.

Appellant challenges his convictions on these grounds:

1) the district court abused its discretion in denying his motion to sever the counts of the indictment for trial;

2) the court abused its discretion when it allowed the Government to introduce into evidence information concerning the nature and basis of the warrants Officer Curtis relied on in effecting his arrest;

3) the court abused its discretion when it allowed the Government to introduce into evidence statements he made while in custody;

4) the court abused its discretion when it allowed the Government to

introduce into pursuant to Fed. R. Evid. 404(b) evidence of a prior bad act;

    5) the court's <u>Allen</u> charge was "inherently coercive.";

    6) the court's errors considered together denied appellant a fair trial. We consider these challenges in order.

    1) Because evidence that appellant was a convicted felon would be brought before the jury on Count One, he wanted that count severed from the remaining counts of the indictment; if Counts Two and Three were tried separately, he thought, the fact of his prior conviction would be kept from the jury at the trial on those counts. His argument is frivolous. Appellant stipulated that he was a convicted felon. The jury was not informed, though, of the offense of conviction. When the Government in prosecuting the second count introduced evidence that (prior to the commission of the Count Two offense) appellant had been convicted of trafficking cocaine, the jury was left with the impression—which neither party contradicted—that the cocaine offense was the same felony that related to Count One. Assuming that the jury somehow surmised that the cocaine offense and the stipulated offense relating to Count One were not the same offense, we find no undue prejudice to appellant and hence no abuse of discretion in the court's refusal to sever counts.

2) This challenge is frivolous.  The Government was obviously entitled to explain why Officer Curtis stopped appellant's vehicle; that is, because she had warrants for his arrest.

3) The statements appellant made were spontaneous.  When Office Payton found the firearm, appellant exclaimed, "That's not mine, that's not stolen, either." When Payton uncovered the drugs, appellant shouted, "That's not mine either." Neither utterance was the product of police questioning.

4) The Rule 404(b) evidence of appellant's prior involvement with cocaine was obviously relevant because appellant had placed his intent-to-traffick crack cocaine in issue.   Admitting it into evidence was an appropriate discretionary call.

5) Under the circumstances disclosed by the record in this case, we find no impropriety in the court's use of the Allen charge.  That it was not improper is evidenced by the fact that the jury deliberated for several hours after receiving the instruction.

6) We find no errors or cumulation of errors in this case that might support appellant's claim that he was denied a new trial.  Appellant's convictions are, accordingly,

AFFIRMED.